(No. 5788— )

MELVIN C. ALLEN, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 6, 1979.*

MORRILL, KOUTSKY, KLOMANN & CHUHAK (THOMAS C. BIELINSKI, of counsel), for Claimant.

WILLIAM J. SCOTT, Attorney General (MARTIN SOLL, GEORGE MUSTIS, and SAUL WEXLER, Assistant Attorneys General, of counsel), for Respondent.

POCH, J.

This case arose out of an unfortunate occurrence at the Illinois Security Hospital in Chester, Illinois. The Claimant, an inmate, while working as a baker in the kitchen on March 22, 1969, was suddenly assaulted by another patient named Jerry Behnke, who threw a liquid detergent into the Claimant's face, injuring his eye and ultimately resulting in the removal of the eye.

The primary issue here is whether the State was negligent and whether the negligence caused the accident.

There is no allegation of contributory negligence and no question of damages resulting from the occurrence.

Both Claimant and Respondent are in agreement that while the State is not an insurer of the safety of its patients, it does owe them a duty of reasonable care in protecting them from harm. *Karulski v. Board of Trustees*, 25 Ill. Ct. Cl. 295; *Callbeck v. State*, 22 Ill. Ct. Cl. 722.

There is no evidence that the State had actual or constructive notice of the "violent propensities" of the assailant. There was no evidence of the negligence of the Respondent in screening and placement procedure.

The Claimant also alleges the State was negligent where there was only one guard stationed in the kitchen at the time of the incident. Under the circumstances, the Court feels the supervision was adequate.

Claimant argues that unless the Court finds that the liability of the State has been established on the evidence in the record, the hearing should be reopened to permit the introduction of the assailant's records, and further to permit questioning of the witnesses on the adequacy of procedures employed by the State to determine the propensity of an inmate to violence.

It is the opinion of this Court that the Commissioner did not err in declining to order the State to produce the hospital records of Jerry Behnke. The Illinois Legislature severely limited access to these records in section 12—3 of the Mental Health Code (Ill. Rev. Stat., ch. 91½, par. 12—3). Claimant asks that the entire record be turned over to him. This is not permitted by this Statute.

Neither does the Court find that the hearing should be reopened to allow testimony on procedures followed

13

to determine if a patient was dangerous. A careful reading of the record shows that the question that was not permitted was a question concerning the procedure used to confine a violent or dangerous patient and not the procedure used to determine whether or not a patient was dangerous or required restraint. Absolutely no foundation was laid for a question about confinement or restraining procedures, nor was there any evidence that a discussion of such procedures was relevant in any way. The matter was properly excluded. The Claimant made no offer of proof to preserve his record and establish what he intended to prove. Accordingly, the claim of Melvin C. Allen is hereby denied.